## UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN

JAMES LELAND,

        Plaintiff,

v.

HSBC MORTGAGE SERVICES, INC.,

        Defendant.

_____/

Case No.
Hon.

### NOTICE OF REMOVAL TO FEDERAL COURT

TO:    Clerk of the Court
        Adam G. Taub, Esq.

Defendant HSBC Mortgage Services, Inc. ("HSBC") through its counsel, Dickinson Wright PLLC, gives notice that the above action is removed from the Wayne County Circuit Court to the United States District Court for the Eastern District of Michigan. In support of its removal, HSBC states as follows:

1.     On or about June 29, 2015, Plaintiff commenced this action in Wayne County Circuit Court.

2.     Plaintiff served HSBC with his Summons and Complaint on July 2, 2015.

3.     The attached documents constitute all process, pleadings, and orders received by HSBC in the state court action. **(Exhibit 1.)**

4.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely. This Notice of Removal is filed within thirty (30) days of the date that Plaintiff served his Summons and Complaint upon HSBC. As such, the requirements of 28 U.S.C. § 1446(b) have been met.

5.     This is a civil action over which this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Specifically, Plaintiff's Complaint purports to assert federal causes of action against HSBC arising out of alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*., and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq*. (See Complaint, Ex. 1, Counts I and X).

6.     This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367 because they are so related to the federal claims that they form part of the same case or controversy.

7.     The Court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims.  *Musson Theatrical, Inc. v. Federal Express Corp*., 89 F.3d 1244, 1254 (6th Cir. 1996).  A claim "form[s] part of the same case or controversy when [it] derive[s] from a common nucleus of operative facts."  *Harper v. AutoAlliance Int'l, Inc*., 392 F.3d 195, 209 (6th Cir. 2004) (internal citation and quotation marks omitted).  "This requirement is met when state and federal law claims arise from the same contract, dispute, or transaction." *Packard v. Farmers Ins. Co. of Columbus*, 423 F. App'x 580, 583 (6th Cir. 2011).

8.     In this case, all of Plaintiff's claims arise out of the same contract, dispute and transaction – the alleged misapplication of payments related to Plaintiff's mortgage loan.  Thus, the state law claims and the federal law claims arise from the same set of operative facts, and this Court should exercise supplemental jurisdiction over any remaining claims.

9.     This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  The alleged value of Plaintiff's claims are in excess of the amount of $75,000, exclusive of interest, costs, and attorneys' fees, as set forth more fully below.  Further, this action is between citizens of different states:

a.  For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Bank of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Here, Plaintiff is a resident of Livonia, Michigan. (*See* Complaint, Ex. 1, ¶3). (*Id.*) Therefore, upon information and belief, Plaintiff is domiciled in the State of Michigan and is a citizen of Michigan for purposes of diversity jurisdiction.

b.  HSBC is a corporation. "For purposes of determining diversity jurisdiction, a corporation can be a citizen of two states: (1) its state of incorporation; and (2) the state of its principal place of business." *Freeman v. Unisys Corp.*, 870 F. Supp. 169, 172 (E.D. Mich. 1994) (citing 28 U.S.C. § 1332(c)). HSBC is a Delaware corporation, with its principal place of business in Illinois. Therefore, HSBC is a citizen of Delaware and Illinois for purposes of diversity.

c.  Thus, complete diversity exists because Plaintiff is a citizen of Michigan, where HSBC is a citizen of Delaware and Illinois.

10.  Pursuant to L.R. 81.1(a) and (b) and 28 U.S.C. § 1332(a), the amount in controversy exceeds the sum or value of $75,000, exclusive of interest, costs and attorneys' fees:

a.  Plaintiff's Complaint does not specify the sum sought as damages. Rather, Plaintiff demands unspecified money damages for alleged FCRA and RESPA violations, as well as unspecified declaratory and other relief,

3

including a decree adjudicating interests or rights in respect of property and property rights (*See* Complaint, Ex. 1, ¶¶ 14-15.

b.    When a plaintiff seeks specific performance, declaratory relief, or injunctive relief, the amount in controversy is measured by "the value of the object that is the subject matter of this action." *Lorimer ex rel. Estate of Lorimer v. Berrelez,* 331 F. Supp. 2d 585, 591 (E.D. Mich. 2004) (citations omitted); *see also Cohn v. Petsmart,* 281 F.3d 837, 840 (9th Cir. 2002) (citing *Hunt v. Wash. State Apple Adver. Comm'n,* 432, U.S. 333, 347 (1977)) (holding "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); *Nordica S.P.A. v. Icon Health & Fitness, Inc.,* 2009 WL 2462570, *6, fn. 4 (D.N.H. 2009) (citing *Lee Sch. Lofts, L.L.C. v. Amtax Holdings,* 106 L.L.C., 2008 WL 4936479, at *3 (E.D. Va. Oct. 29, 2008)) observing "[w]hen specific performance is the desired remedy, the amount in controversy requirement is satisfied if 'either the "direct pecuniary value" of the right the plaintiff seeks to enforce . . . or the cost to the defendant of complying with any prospective equitable relief exceeds $75,000.'"); *Neely v. Consol Inc.,* 25 Fed. App'x 394, 400 (6th Cir. 2002) (holding amount in controversy was equal to amount of lease).

c.    The original amount of the mortgage loan at issue was $168,000. The current balance exceeds $160,000.

4

    d.  Thus, although the Complaint does not plead a specific amount in controversy, and although HSBC denies the allegations in Plaintiff's Complaint, and denies any liability to Plaintiff whatsoever, if those allegations are proven to be true, the amount in controversy exceeds the sum or value of $75,000. Therefore, pursuant to L.R. 81.1(a) and (b) and 28 U.S.C. § 1332(a), the amount in controversy exceeds the sum or value of $75,000, exclusive of interest, costs and attorneys' fees.

  11. Venue is proper in this Court.   The Wayne County Circuit Court is located  in the Eastern District of Michigan, Southern Division. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 102(a)(2).

  12. A Notice of Filing Notice of Removal and copy of this Notice of Removal will be filed with the Wayne County Circuit Court as required by 28 U.S.C. § 1446(d) and copies of the same will be served upon Plaintiff through counsel.

  13. Based upon the foregoing, HSBC is entitled to remove this action to this Court under 28 U.S.C. § 1441, *et seq*.

  WHEREFORE, HSBC respectfully requests that this Court take jurisdiction over this action and grant such other relief as the Court deems proper.

July 17, 2015       DICKINSON WRIGHT PLLC


        By: /s/ Francis R. Ortiz
          Francis R. Ortiz (P31911)
         500 Woodward Avenue, Suite 4000
         Detroit, Michigan  48226
         (313) 223-3500
         fortiz@dickinsonwright.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system.

I also certify that a copy of the foregoing and this Certificate of Service were served on counsel of record via U.S. mail as follows:

> Adam G. Taub, Esq.
> Adam G. Taub & Associates
> Consumer Law Group, PLC
> 17200 West Ten Mile Road
> Suite 200
> Southfield, Michigan   48075

> /s/ Francis R. Ortiz _____
> Francis R. Ortiz

DETROIT 27528-371 1357743v1

# EXHIBIT 1

 CT Corporation

**Service of Process Transmittal**
07/02/2015
CT Log Number 527398600

TO:     Jan McGowan
        HSBC Finance Corporation
        26525 N. Riverwoods Boulevard
        Mettawa, IL 60045

RE:     **Process Served in Michigan**

FOR:    HSBC Mortgage Services Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | James Leland, Pltf. vs. HSBC Mortgage Services, Inc., Dft. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Proof of Service, Complaint |
| **COURT/AGENCY:** | 3rd Circuit Court, Wayne County, MI Case # 15008487CZ |
| **NATURE OF ACTION:** | Breach of Contract - Defendant placed charges on the Plaintiff's mortgage account that were neither authorized by law nor contract - Seeking Equitable, Declaratory and Injunctive Relief |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Bingham Farms, MI |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 07/02/2015 postmarked on 06/29/2015 |
| **JURISDICTION SERVED :** | Michigan |
| **APPEARANCE OR ANSWER DUE:** | Within 28 days |
| **ATTORNEY(S) / SENDER(S):** | Adam G. Taub Adam G. Taub & Associates Consumer Law Group, PLC 17200 West 10 Mile Road Suite 200 Southfield, MI 48075 248-746-3790 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/02/2015, Expected Purge Date: 07/07/2015 Image SOP |
| **SIGNED:** **ADDRESS:** | The Corporation Company 30600 Telegraph Road Suite 2345 Bingham Farms, MI 48025-5720 |
| **TELEPHONE:** | 248-646-9033 |

Page 1 of  1 / AR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**CT**

Please note: Even though this process was received via regular mail with USPS Signature Tracking #, we have entered as Certified mail in order to capture the USPS Tracking number in our records.

Wolters Kluwer

**F** 

$2.04
US POSTAGE FIRST-CLASS PKG
COMMERCIAL BASE PRICING

062S0007944290
FROM 48075

stamps.com
06/29/2015

# USPS FIRST CLASS MAIL®

Adam G Taub & Associates
Consumer Law Group, PLC
17200 W Ten Mile Road Ste 200
Southfield MI 48075-8200

**0005**

C003

SHIP
TO:

HSBC Mortgage
CT Corporation System
30600 Telegraph Road  Ste 2345
Bingham Farms MI 48025-5720

### USPS TRACKING #



9400 1118 9956 2769 4542 99

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS AND COMPLAINT | CASE NO. 15-008487-CZ Hon. Maria L. Oxholm |
|---|---|---|

2 Woodward Ave., Detroit MI 48226                                       Court Telephone No. 313-224-2444

| Plaintiff Leland, James | v | Defendant HSBC Mortgage Services, Inc. |
|---|---|---|
| **Plaintiff's Attorney** Adam G. Taub, P-48703 17200 W 10 Mile Rd Ste 200 Southfield, MI 48075-8200 | | **Defendant's Attorney** |

**SUMMONS**   **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued 6/29/2015 | This summons expires 9/28/2015 | Court clerk File & Serve Tyler |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT**   *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☒ There is no other pending or resolved civil action arise out of the same transaction or occurrence as alleged in the complaint.

☐ An civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) Livonia, MI | Defendant(s) residence (include city, township, or village) OUT OF STATE |
|---|---|
| Place where action arose or business conducted Livonia, MI | |

6-29-15
**Date**

Signature of attorney/plaintiff     (P48703)

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (5/15) SUMMONS AND COMPLAINT MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | PROOF OF SERVICE | CASE NO. 15-008487-CZ |
|---|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:    (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:    (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____

        List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare that the statements above are true to the best of me information, knowledge and belief.

| Service fee $ | Miles traveled $ | Mileage fee $ | Total fee $ | Signature |
|---|---|---|---|---|
| | | | | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                          Date

My commission expires: _____  Signature: _____
           Date                         Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                         Attachments

_____ on _____
                           Day, date, time

_____ on behalf of _____

Signature

STATE OF MICHIGAN
WAYNE COUNTY CIRCUIT COURT

JAMES LELAND,

     Plaintiff,

-vs-                      Case No.
                          Hon.

15-008487-CZ
FILED IN MY OFFICE
WAYNE COUNTY CLERK
6/29/2015 11:45:30 AM
CATHY M. GARRETT

HSBC MORTGAGE SERVICES, INC.,

     Defendant.

### COMPLAINT for MONEY DAMAGES AND INJUNCTIVE RELIEF

Note:  This lawsuit seeks injunctive relief. Specifically, the Defendant has threatened foreclosure on the mortgage. Plaintiff seeks an order enjoining any foreclosure sale pending the outcome of the above-captioned lawsuit.

#### Jurisdiction

1.    The amount in controversy exceeds $25,000.00.

2.    This lawsuit seeks injunctive and declaratory relief which is within the exclusive jurisdiction of this Court.

#### Parties

3.    The Plaintiff to this lawsuit resides in Livonia, Michigan in Wayne County.

4.    The Defendant, HSBC MORTGAGE SERVICES, INC., is a non-Michigan corporation doing business in Michigan, incorporated outside the state of Michigan and with its principal place of business outside the State of Michigan.

1

## Venue

5.    The transactions and occurrences which give rise to this action occurred in Wayne County and in the City of Livonia.

6.    Venue is proper in the Wayne County Circuit Court.

## General Allegations

7.    On or about December 22, 2006, Plaintiff and HSBC MORTGAGE SERVICES, INC. Or its predecessor entered into a Mortgage.

8.    Plaintiff discovered billing errors in his monthly mortgage statement; specifically, he was charged $1,458.48 for "non-recoverable lawn care." This unauthorized charge caused the Plaintiff to be in perpetual default and allowed assessed late fees, interest and other charges to accrue.

9.    HSBC MORTGAGE SERVICES, INC. was negligent in misapplying payments regarding Plaintiff's account.

10.   On January 16, 2015, Plaintiff sent a qualified written request to HSBC MORTGAGE SERVICES, INC. which included name, loan number and the property address; the qualified written request indicated a statement of the reason for the belief that there was an error; and requested in sufficient detail that the Defendant provide specific information so that Plaintiff could determine the exact nature of the disputed items.

11.   Defendant received a copy of the qualified written request.

12.   Despite its receipt of the qualified written request, Defendant, HSBC MORTGAGE SERVICES, INC., refused to lawfully and properly respond to the qualified written request and continues to attempt to collect money and items not owed by the Plaintiff.

2

13.    Despite its receipt of the Plaintiff's qualified written request letter and its failure to properly respond to this request, Defendant, HSBC MORTGAGE SERVICES, INC., continues its foreclosure proceedings against the subject property.

14.    HSBC MORTGAGE SERVICES, INC. failed to conduct the necessary investigation into the disputes tendered by Plaintiff in violation of RESPA, and, as such, HSBC MORTGAGE SERVICES, INC. continued with its collection against Plaintiff or foreclosure of the property and subjected Plaintiff to additional illegal charges and fees.

15.    Plaintiff initiated a reinvestigation pursuant to 15 U.S.C. §1681s-2(b) by sending letters by certified mail to one or more national credit reporting agencies disputing the reporting of the disputed information during the pendency of the qualified written request.

16.    One or more credit bureaus notified Defendant of the nature of the Plaintiff's dispute of the debt.

17.    HSBC MORTGAGE SERVICES, INC. failed to discontinue derogatory credit reporting during the pendency of the qualified written request.

18.    Upon information and belief, Plaintiff at all relevant times qualifies for a loan modification under various state and federal programs designed and implemented to help homeowners avoid foreclosure.

19.    HSBC MORTGAGE SERVICES, INC. refused to consider Plaintiff for a loan modification, even though Plaintiff requested one on numerous occasions.

20.    If HSBC MORTGAGE SERVICES, INC. is permitted to proceed in dispossessing the Plaintiff of the home, Plaintiff will suffer irreparable harm.

3

21.   HSBC MORTGAGE SERVICES, INC. must be ordered to stop and reverse the foreclosure/eviction process, properly review the history of the loan, and offer a reasonable loan modification, allowing Plaintiff to keep possession of the home.

22.   Plaintiff requests declaratory relief, injunctive relief, and damages, as outlined below, to stop any foreclosure by HSBC MORTGAGE SERVICES, INC. and compel HSBC MORTGAGE SERVICES, INC. to provide documentation and the opportunity for a mediation and loan modification as mandated by state law.

## COUNT I – R.E.S.P.A. 12 U.S.C. § 2601 *et seq.*

## (HSBC MORTGAGE SERVICES, INC.)

23.   Plaintiff incorporates the preceding allegations by reference.

24.   R.E.S.P.A. applies to federally regulated mortgage loans, which include subordinate liens and loans used to payoff an existing loan secured by the same property;

25.   The transactions described herein involve a federally regulated mortgage loan.

26.   HSBC MORTGAGE SERVICES, INC. willfully violated the R.E.S.P.A. in one or more of the following ways, by example only and without limitation:

a.   By failing to make appropriate corrections in the account of the Plaintiff and failing to transmit written notification of such correction to the Plaintiff(12 U.S.C. §2605(e)(2)(A));

b.   By failing to provide the Plaintiff with a written explanation or clarification that includes a statement of the reasons that HSBC MORTGAGE SERVICES, INC. believed the account of the Plaintiff to be correct and the name and telephone number of an individual employed by Defendant who could provide assistance to the

4

Plaintiff(12 U.S.C. §2605(e)(2)(B));

c.    By failing to provide the Plaintiff with a written explanation or clarification that included the information requested by the Plaintiff or an explanation of why the information requested was unavailable or could not be obtained by HSBC MORTGAGE SERVICES, INC. and the name and telephone number of an individual who could provide assistance to the Plaintiff (12 U.S.C. §2605(e)(2)[c]; and

d.    By providing, upon information and belief, information regarding any overdue payment owed by the Plaintiff and relating to the period described in the qualified written request to a consumer reporting agency during the 60 day period which began on the date of HSBC MORTGAGE SERVICES, INC.'s receipt of the qualified written request (12 U.S.C. § 2605(e)(3).

27.    As a result of these violations, the Plaintiff suffered damages of an economic and non-economic nature.

**COUNT II – BREACH OF CONTRACT**

**(HSBC MORTGAGE SERVICES, INC.)**

28.    Plaintiff incorporates the preceding allegations by reference.

29.    The Defendant placed charges on the Plaintiff's mortgage account that were neither authorized by law nor contract.

30.    Under the applicable, federal regulations, the Defendant was required to make a loan modicfication application available to the Plaintiff and consider him in good fait for eligibility under the various loan modification options it offerred.

5

31. Defendant acted in bad faith by refusing to consider the Plaintiff for a loan modification and telling the Plaintiff that loan modifications were not offered by the Defendant.

32. A covenant of good faith and fair dealing exists in every valid Michigan contract, including notes and mortgages pertaining to real property such as the note and mortgage pertaining to Plaintiff's property.

33. A breach of the covenant of good faith and fair dealing is a breach of the underlying contract.

34. HSBC MORTGAGE SERVICES, INC. failed to perform its duty of good faith and fair dealing with respect to Plaintiff by failing to correctly apply payments, thereby causing excessive fees to accrue.

35. Plaintiff also suffered actual damages and is threatened with additional harm from HSBC MORTGAGE SERVICES, INC.'s breach.

36. To the extent that actual damages will not fully and fairly compensate Plaintiff, Plaintiff is entitled to specific performance and other appropriate injunctive relief.

37. Plaintiff is entitled to actual damages, reinstatement of the mortgage, cessation and rescission of any foreclosure activity.

COUNT III – Intentional Infliction of Emotional Distress

(HSBC MORTGAGE SERVICES, INC.)

38. Plaintiff incorporates the preceding allegations by reference.

39. The conduct of HSBC MORTGAGE SERVICES, INC. constituted extreme and outrageous conduct; specifically, HSBC MORTGAGE SERVICES, INC. engaged in a pattern of behavior which insured that the Plaintiff would not be offerred a loan modification.

40. While HSBC MORTGAGE SERVICES, INC. was assuring Plaintiff that it was acting in

good faith to assist the Plaintiff in keeping the home, HSBC MORTGAGE SERVICES, INC.was doing everything in its power to make sure that this did not happen.

41.   HSBC MORTGAGE SERVICES, INC. acted with reckless disregard of the possible consequences to Plaintiff.

42.   HSBC MORTGAGE SERVICES, INC. knew that the probable consequences of its actions were to dispossess the Plaintiff of the subject property.

43.   The conduct of HSBC MORTGAGE SERVICES, INC. directly and proximately caused emotional distress to the Plaintiff.

44.   Plaintiff has suffered damages as a result of the conduct of HSBC MORTGAGE SERVICES, INC.

## COUNT IV – BREACH OF CONTRACT
## REQUEST FOR EQUITABLE,
## DECLARATORY & INJUNCTIVE RELIEF
## (HSBC MORTGAGE SERVICES, INC.)

45.   Plaintiff incorporates the preceding allegations by reference.

46.   It appears that a genuine, good faith dispute existed over the amount of the monthly payments due or the principal balance owing to HSBC MORTGAGE SERVICES, INC.

47.   Upon information and belief, and given the totality of the circumstances in the pending matter, there is no equitable basis to allow HSBC MORTGAGE SERVICES, INC. or its nominee to foreclose upon the property and throw Plaintiff out into the street.

48.   The request of the Plaintiff is that the Court grant equitable, declaratory and injunctive relief to decelerate the mortgage balance, remove Plaintiff from foreclosure, and declare Plaintiff

7

not to have been in breach of the mortgage agreement.

49. Additionally, it is the request of the Plaintiff that this Court grant declaratory relief, in that the fees and costs charged to Plaintiff by HSBC MORTGAGE SERVICES, INC. are unauthorized.

50. Additionally, it is the request of the Plaintiff that HSBC MORTGAGE SERVICES, INC. produce an immediate accounting of all sums paid, as well as those allegedly due and owing based upon the facts found, as well as a corresponding correction of all credit reporting relating to the mortgage.

## COUNT V – FRAUD/MISREPRESENTATION

## (HSBC MORTGAGE SERVICES, INC.)

51. Plaintiff incorporates the preceding allegations by reference.

52. At all times relevant hereto, Defendant represented to Plaintiff that HSBC MORTGAGE SERVICES, INC. Did not offer loan modifications to its customers.

53. The aforesaid representation was false.

54. HSBC MORTGAGE SERVICES, INC. made the aforesaid representation knowing the same to be false, or with reckless disregard as to whether they were true or false.

55. Plaintiff relied on these misrepresentation and suffered damages as a result of such reliance.

56. HSBC MORTGAGE SERVICES, INC. benefitted from the detrimental reliance of the Plaintiff upon HSBC MORTGAGE SERVICES, INC.'s misrepresentation.

57. As a direct and proximate result of HSBC MORTGAGE SERVICES, INC.'s fraud and/or misrepresentation, Plaintiff has suffered the damages set forth above, as well as mental distress, anxiety, humiliation and embarrassment.

8

## COUNT VI – UNJUST ENRICHMENT

### (HSBC MORTGAGE SERVICES, INC.)

58.   Plaintiff incorporates the preceding allegations by reference.

59.   The actions of HSBC MORTGAGE SERVICES, INC. were intentionally designed to preclude the Plaintiff from qualifying for and entering into a loan modification in order to keep possession of the home.

60.   HSBC MORTGAGE SERVICES, INC. knew or should have known that Plaintiff was attempting to enter into a loan modification in order to keep possession of the home.

61.   HSBC MORTGAGE SERVICES, INC. had actual or imputed knowledge that Plaintiff was attempting to enter into a loan modification in order to keep possession of the home.

62.   Notwithstanding that knowledge the HSBC MORTGAGE SERVICES, INC. did undertake to foreclose on the subject property without allowing Plaintiff to enter into a loan modification for the subject property.

63.   If the sheriff's sale goes forward or is allowed to remain valid , HSBC MORTGAGE SERVICES, INC. would be unjustly enriched and Plaintiff would suffer a loss, in addition to the loss of the subject property as a result of attempting in good faith to enter into a loan modification and keep possession of the subject home.

## COUNT VII – INNOCENT/NEGLIGENT MISREPRESENTATION

### (HSBC MORTGAGE SERVICES, INC.)

64.   Plaintiff incorporates the preceding allegations by reference.

65.   HSBC MORTGAGE SERVICES, INC. made innocent and/or negligent representation of material facts by that HSBC MORTGAGE SERVICES, INC. Did not offer loan

9

modifications.

66. The representation made by the HSBC MORTGAGE SERVICES, INC. were directed to Plaintiff and were made in connection with the loan modification he sought so that the Plaintiff could remain in the home.

67. The representation was false when it was made, as HSBC MORTGAGE SERVICES, INC. does offer loan modifications.

68. Plaintiff has suffered damages a s a result of the misrepresentation of the Defendant.

## COUNT  VIII – FRAUD, BASED UPON SILENT FRAUD AND BAD FAITH PROMISES
### (HSBC MORTGAGE SERVICES, INC.)

69. Plaintiff incorporates the preceding allegations by reference.

70. HSBC MORTGAGE SERVICES, INC. denied that it offered loan modifications to its customers.

71. HSBC MORTGAGE SERVICES, INC. failed to disclose to Plaintiff that it.

72. HSBC MORTGAGE SERVICES, INC.'s representations were false, when they were made, as HSBC MORTGAGE SERVICES, INC. did not intend to fulfill its obligations to the Plaintiff to act in good faith.

73. Plaintiff relied upon HSBC MORTGAGE SERVICES, INC.'s assurances, statements, promises and guarantees relating to the loan modification.

74. HSBC MORTGAGE SERVICES, INC.'s failure to disclose certain facts caused Plaintiff to have a false impression and HSBC MORTGAGE SERVICES, INC. knew, or should have known, that its failure to disclose these pertinent facts would create a false impression upon Plaintiff.

10

75.   Plaintiff relied upon HSBC MORTGAGE SERVICES, INC.'s false impressions and representations and as a result was financially damaged.

### COUNT IX – VIOLATION OF M.C.L § 445.901 *et seq.*

### (HSBC MORTGAGE SERVICES, INC.)

76.   Plaintiff incorporates the preceding allegations by reference.

77.   The facts set forth in this complaint establish that HSBC MORTGAGE SERVICES, INC. violated one or more of the provisions of the Michigan Consumer Protection Act, M.C.L.§ 445.903(1).

78.   Plaintiff has suffered damages as a result of these violations of the Michigan Consumer Protection Act.

### COUNT  X – FAIR CREDIT REPORTING ACT

### (HSBC MORTGAGE SERVICES, INC.)

79.   Mr. Leland incorporates the preceding allegations by reference.

80.   HSBC MORTGAGE SERVICES, INC. was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Plaintiff through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

81.   HSBC MORTGAGE SERVICES, INC. was required to cease reporting the derogatory information during the pendency of the period of 60 days following receipt of the qualified written request.

82.   Following the reinvestigation, HSBC MORTGAGE SERVICES, INC. continued to report the adverse credit information, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

83.  Following its reinvestigation, HSBC MORTGAGE SERVICES, INC. reported the derogatory credit information and consciously avoided knowing that the derogatory credit information was supposed to be suppressed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

84.  Following the reinvestigation and dispatch of notice directly to HSBC MORTGAGE SERVICES, INC., HSBC MORTGAGE SERVICES, INC. reported credit information that was not in fact lawful, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

85.  Following the reinvestigation and dispatch of direct notice to HSBC MORTGAGE SERVICES, INC., HSBC MORTGAGE SERVICES, INC. failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

86.  HSBC MORTGAGE SERVICES, INC. willfully refused to properly put in place adequate procedures to reinvestigate credit reports in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

87.  In the alternative, HSBC MORTGAGE SERVICES, INC. negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 1681o.

88.  HSBC MORTGAGE SERVICES, INC. willfully refused to properly reinvestigate the inaccuracies in credit reports in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

89.  In the alternative, HSBC MORTGAGE SERVICES, INC. negligently failed to conduct a proper reinvestigation of a credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 1681o.

90.  Plaintiff has suffered damages as a result of these violations of the FCRA.

## COUNT XI – NEGLIGENCE

## (HSBC MORTGAGE SERVICES, INC.)

91.   Plaintiff incorporates the preceding allegations by reference.

92.   HSBC MORTGAGE SERVICES, INC. owed Plaintiff a duty to refrain from unreasonable

conduct which could foreseeably cause damage to Plaintiff's person or property.

93.   HSBC MORTGAGE SERVICES, INC.'s unlawful threat to foreclose on Plaintiff's home was

per se unreasonable.

94.   Plaintiff has suffered foreseeable damages as a result of this unreasonable conduct by HSBC

MORTGAGE SERVICES, INC.

## COUNT XII – NEGLIGENCE *PER SE* –

## (HSBC MORTGAGE SERVICES, INC.)

95.   Plaintiff incorporates the preceding allegations by reference.

96.   HSBC MORTGAGE SERVICES, INC.'s actions in publishing false and inaccurate credit

information to the credit bureaus was in violation of express duties under the FCRA.

97.   Those unreasonable actions were *per se* unreasonable.

98.   Plaintiff has suffered damages as a result of this *per se* unreasonable publication of false and

inaccurate credit information by HSBC MORTGAGE SERVICES, INC.

## COUNT XIII – DEFAMATION BY LIBEL

## (HSBC MORTGAGE SERVICES, INC.)

99.   Plaintiff incorporates the preceding allegations by reference.

100.   HSBC MORTGAGE SERVICES, INC.'s written publication of the trade lines on Plaintiff's

credit reports was false and defamatory.

13

101. HSBC MORTGAGE SERVICES, INC.'s publications were not privileged communications.

102. HSBC MORTGAGE SERVICES, INC.'s publications of the trade lines on Plaintiff's credit reports were made negligently, with reckless disregard to their falsity, or maliciously.

103. The statements were *per se* defamatory.

104. Plaintiff has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

105. Plaintiff has suffered emotional distress as a result of the publication of the defamatory statements.

### COUNT XIV – NEGLIGENCE – MALICIOUS STATUTORY LIBEL
### (HSBC MORTGAGE SERVICES, INC.)

106. Plaintiff incorporates the preceding allegations by reference.

107. The inaccurate credit information was published with malice or ill-will.

108. Plaintiff has suffered damages as a result of this malicious libel by HSBC MORTGAGE SERVICES, INC. in violation of M.C.L. § 600.2911.

109. Plaintiff is entitled to actual and punitive damages having suffered damages as a result of this malicious liable under the provisions of M.C.L. § 600.2911.

### Demand For Judgment for Relief

*ACCORDINGLY, Plaintiff requests that this Court:*

a.   *Award Plaintiff all damages incurred by Plaintiff as a result of HSBC MORTGAGE SERVICES, INC.'s actions herein;*

b.   *Award Plaintiff costs and attorney's fees;*

c.   *Award any other relief that this Court deems just and equitable including an order*

14

*enjoining any foreclosure during the pendency of the lawsuit;*

d.      *Award exemplary damages;*

e.      *Award costs and attorney fees.*

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By:     /s/ Adam G. Taub
        Adam G. Taub (P48703)
        Attorney for JAMES LELAND
        17200 West 10 Mile Rd. Suite 200
        Southfield, MI 48075
        Phone: (248) 746-3790
        Email:  adamgtaub@clgplc.net

Dated: June 26, 2015

15